IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BENNIE BARNES,<br>    Plaintiff, | )<br>)<br>) |
| v. | )   C.A. No. 12-32 Erie<br>) |
| PA. BOARD OF PROBATION AND<br>PAROLE, MEMBERS,<br>    Defendant. | )<br>)   Magistrate Judge Baxter<br>) |

**MEMORANDUM OPINION AND ORDER**

U.S. Magistrate Judge Susan Paradise Baxter

**I.    INTRODUCTION**

    Plaintiff Bennie Barnes, an inmate incarcerated at the State Correctional Institution at Albion, Pennsylvania, presented this civil rights complaint against Defendant PA Board of Probation and Parole, Members, pursuant to 42 U.S.C. § 1983.   Plaintiff claims that Defendant "w/o jurisdiction or 'cause' re-sentenced [him]… absent 'new crime' required by 42 Pa.C.S. § 9771(c)," in violation of his rights under the Eighth and Fourteenth Amendments.   As relief, Plaintiff seeks "discharge from false detention," as well as monetary damages.

    Section 804(g) of Pub.L. No. 104-134, enacted April 26, 1996, amended 28 U.S.C. § 1915 to provide:
> [i]n no events shall a prisoner bring a civil action ... under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in the court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g).

    Plaintiff has been a prolific advocate in this federal court.   At least three of Plaintiff's

1

prior lawsuits have been dismissed for failure to state a claim: Civil Actions Numbers 03-363 Erie, 03-389 Erie, and 05-112 Erie, all filed in the United States District Court for the Western District of Pennsylvania.   Additionally, Plaintiff's appeal of 03-389 to the United States Court of Appeals for the Third Circuit (docketed as 05-03870) was dismissed as frivolous.

An indigent inmate may overcome the "Three Strikes Rule" if he can show that he is under "imminent danger of serious physical injury."   Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001) (interpreting imminent danger).   Plaintiff has not credibly alleged such imminent danger.

Accordingly, Plaintiff must pay the full filing fee before April 5, 2012, or risk dismissal of this action.   An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BENNIE BARNES,<br>  Plaintiff, | )<br>)<br>) |
| v. | ) C.A. No. 12-32 Erie |
| | ) |
| PA. BOARD OF PROBATION AND<br>PAROLE, MEMBERS,<br>  Defendants. | )<br>) Magistrate Judge Baxter<br>) |

**O R D E R**

AND NOW, this 22nd day of March, 2012;

Because of the prior dismissals, and because Plaintiff has not made a credible allegation that he is in imminent danger of serious physical injury,

IT IS HEREBY ORDERED THAT Plaintiff's motion for leave to proceed in forma pauperis [ECF No. 4] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's complaint be dismissed without prejudice to Plaintiff's right to pay the full filing fee of $350.00 to the Clerk of Courts by April 5, 2012. Failure to pay the full filing fee by this date will result in the dismissal of this case.

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge