IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BENNIE BARNES, | ) | |
|     Plaintiff | ) | C.A. No. 12-32 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Baxter |
| PA BOARD OF PROBATION AND | ) | |
| PAROLE, MEMBERS, | ) | |
|     Defendant. | ) | |

## OPINION AND ORDER

United States Magistrate Judge Susan Paradise Baxter

### I. INTRODUCTION

#### A. Relevant Procedural and Factual History

On January 26, 2012, Plaintiff Bennie Barnes, an inmate incarcerated at the State Correctional Institution at Albion, Pennsylvania, presented this *pro se* civil rights complaint against Defendant PA Board of Probation and Parole, Members, pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendant "w/o jurisdiction or 'cause' re-sentenced [him]... absent 'new crime' required by 42 Pa.C.S. § 9771(c)," in violation of his rights under the Eighth and Fourteenth Amendments. (ECF No. 6, Complaint, at Sections III and IV.C). In particular, Plaintiff alleges that at the time of his sentencing on November 1, 1999, he was a first time offender, yet was given a sentence of 96 months confinement, which allegedly exceeded the statutory maximum sentence of 48 to 66 months for first offenders. (ECF No. 21, Plaintiff's

opposition brief, at p. 2).[1] Thus, Plaintiff claims that the judgment of sentence was "'void' at its inception, having no legal force or effect, absolutely null and incapable of being confirmed, ratified, or enforced in any manner or to any degree, not authorizing detention therewith or thereon." (Id.). As a result, Plaintiff claims that Defendant illegally "re-sentenced" him on five occasions by denying him release and continuing his confinement. As relief, Plaintiff seeks discharge from false detention, as well as monetary damages equal to $200.00 for each day he claims to have been illegally detained. (Id. at Section VI).

On June 25, 2012, Defendant filed a motion to dismiss [ECF No. 17] arguing that (i) Plaintiff's damage claim must be dismissed because it is barred by the Eleventh Amendment and Defendant is not a "person" under § 1983, and (ii) Plaintiff's illegal detention claim must be dismissed because it fails to state a claim upon which relief may be granted. Plaintiff has since filed an "objection" to Defendant's motion, which includes a motion to amend the complaint to include the individual members of the Board of Probation and Parole as defendants in this case. [ECF No. 21]. Both parties have consented to the jurisdiction of the United States Magistrate Judge. [ECF Nos. 3, 20]. This matter is now ripe for consideration.

---

[1] Plaintiff was convicted of Rape in the Court of Common Pleas of Erie County, Pennsylvania.

### B. Standards of Review

#### 1. Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469,

3

at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

Recently, the Third Circuit Court prescribed the following three-step approach to determine the sufficiency of a complaint under Twombly and Iqbal:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011), citing Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1947, 1950); see also Great Western Mining & Min. Co. v. Rothschild LLP, 615 F.3d 159, 177 (3d Cir. 2010).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552,

555 (3d Cir. 1969)("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997)(overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C. Discussion

#### 1. Eleventh Amendment Immunity

Defendant seeks to have Plaintiff's damage claim dismissed based upon Eleventh Amendment immunity.

The Eleventh Amendment proscribes actions in the federal courts against, *inter alia*, states and their agencies. Laskaris v. Thornburgh, 661 F.2d 23 (3d Cir. 1981)(Pennsylvania); Mt. Healthy City Board of Education v. Doyle, 429 U.S. 274 (1977)(state agencies). "Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it... a State cannot be sued directly in its own name regardless of the relief sought." Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985), citing Alabama v. Pugh, 438 U.S. 781 (1978).

It is beyond question that the Pennsylvania Board of Probation and Parole is an administrative agency of the Commonwealth of Pennsylvania. See 61 Pa.C.S. § 6101, *et seq*.

No exceptions to Eleventh Amendment immunity are applicable here. The Commonwealth of Pennsylvania has not consented to be sued, Wilson v. Vaughn, 1996 WL 426538 at *1 n.2 (E.D.Pa. July 30, 1996), nor has Congress expressly abrogated Pennsylvania's Eleventh Amendment immunity from civil rights suits for damages. Smith v. Luciani, 1998 WL 151803 at *4 (E.D.Pa. March 31, 1998), aff'd, 178 F.3d 1280 (3d Cir. 1999)(Table).

Accordingly, Plaintiff's claims for monetary damages against Defendant will be dismissed based upon Eleventh Amendment immunity.

### 2. Illegal Detention Claim

To the extent Plaintiff is claiming that he has been illegally detained beyond the termination of his sentence, Defendant correctly points out that such claim attacks the very duration of his physical confinement and ultimately seeks an immediate release from custody. As such, Defendant argues that Plaintiff's illegal detention claim is not cognizable under § 1983 because a habeas corpus petition under 28 U.S.C. § 2254 is the sole vehicle for Plaintiff to raise his claims. Preiser v. Rodriquez, 411 U.S. 475, 487-88 (1973). See also Leamer v. Fauver, 288 F.3d 532 (3d Cir. 2002). The Court agrees that Plaintiff cannot obtain the relief he seeks – immediate release from custody – in a § 1983 action.

Moreover, Plaintiff's claims are barred by the Rooker-Feldman doctrine. Under the Rooker-Feldman doctrine,[2] federal courts are prohibited "from exercising 'subject matter

---

[2] This doctrine arises out of the decisions in Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149 (1923) and

jurisdiction to review final adjudications of a state's highest court or to evaluate constitutional claims that are inextricably intertwined with the state court's [decision] in a judicial proceeding.'" Ernst v. Child and Youth Services of Chester County, 108 F.3d 486, 491 (3d Cir. 1997), cert. denied, 522 U.S. 850, 118 S.Ct. 139 (1997)(quoting FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996))(internal citations omitted). For the Rooker-Feldman doctrine to be applicable here this Court must either "determine that the state court judgment was erroneously entered" or "take action that would render that judgment ineffectual" in order to grant Plaintiff the relief he requests. Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S.Ct. 149, 150 (1923).

Plaintiff claims that his constitutional rights were violated by Defendant's actions in pursuing, enforcing, allowing and/or condoning his alleged wrongful imprisonment. Plaintiff is, in essence, asking this Court to conduct a *de novo* review of all state court proceedings related to his conviction and sentence, in an effort to have the state court judgment expunged and damages assessed. In order to grant such relief, a determination that the state court judgment was erroneous must occur, which would render the state court sentencing decision "ineffectual." This the Court cannot do. Thus, Plaintiff's claims challenging the length and legality of his sentence and confinement will be dismissed.

### 3. Proposed Amendment

To the extent Plaintiff's response to Defendant's motion to dismiss [ECF No. 21] seeks

---

District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303 (1983).

to amend the complaint to add claims against new individual defendants, such an amendment is denied as futile. In particular, the proposed claims raised against the individual Board members mirror those that have already been addressed above and are likewise barred by the <u>Rooker-Feldman</u> doctrine.

      An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BENNIE BARNES, )
       Plaintiff )   C.A. No. 12-32 Erie
)
v. )
)   Magistrate Judge Baxter
PA BOARD OR PROBATION AND )
PAROLE, MEMBERS, )
       Defendant. )

## ORDER

AND NOW, this 11<u>th</u> day of September, 2012,

IT S HEREBY ORDERED that Defendant's motion to dismiss [ECF No. 17] is GRANTED and this case is DISMISSED.

The Clerk is directed to mark this case closed.

<u>/s/ Susan Paradise Baxter</u>
SUSAN PARADISE BAXTER
United States Magistrate Judge